IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-03159-CMA-NRN

MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,

    Plaintiff,

v.

HAWK PRODUCTIONS LLC,
JOHN HENRY HESKETT,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

This matter is before the Court on Defendant John Henry Heskett's Motion for Reconsideration (Doc. # 46), wherein Heskett requests that the Court reconsider its January 21, 2022 Order (Doc. # 44) granting Plaintiff's motion for summary judgment. For the following reasons, the Court denies Heskett's Motion.

Plaintiff Mesa Underwriters Specialty Insurance Company ("Mesa") initiated this action seeking declaratory relief that no coverage is available under a policy it issued to Defendant Hawk Productions, LLC for injuries sustained by Heskett during a Hawk Productions event called the Big Dog Brag Mud Run ("Mud Run"). (Doc. # 1.) In his Answer, Heskett alleged several "cross claims" against Mesa, including that Mesa acted in bad faith and that the insurance policy was ambiguous. (Doc. # 15 at 3.) Mesa moved for summary judgment on the grounds that Heskett could not establish that he was

entitled to coverage under the policy because the plain language of the policy excludes coverage for injuries sustained by participants in the Mud Run. *See* (Doc. # 35.) The Court agreed with Mesa that the policy unambiguously excluded coverage for Heskett's injuries. (Doc. # 44 at 8.) Because there were no genuine disputes of material fact, the Court concluded that Mesa was entitled to summary judgment on its claim for declaratory relief and directed the Clerk to enter judgment in favor of Mesa and against Defendants Heskett and Hawk Productions on all claims asserted in the case. (*Id.* at 8–9.)

Heskett now requests that the Court reconsider its January 21, 2022 Order and contends that the Court made two errors in granting summary judgment. (Doc. # 46 at 2.) First, Heskett maintains that the policy was ambiguous, and second, Heskett argues that the Court erred by dismissing Heskett's counterclaims alleging bad faith. (*Id.*) Mesa filed a Response arguing that Heskett fails to demonstrate any error justifying reconsideration. (Doc. # 47 at 2.) Heskett followed with his Reply. (Doc. # 50.)

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider'"; however, "a litigant subject to an adverse judgment [may] file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Where, as here, a party files a motion to reconsider within 28 days of judgment being entered, the Court will construe the motion as one pursuant to Fed. R. Civ. P. 59(e). *See id.* Rule 59(e) "was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately

following the entry of judgment." *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982) (internal quotation marks omitted).

The Tenth Circuit recognizes three basic grounds upon which a Rule 59(e) motion may be granted: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Heskett first contends that the Court erred in determining that the policy was unambiguous. (Doc. # 46 at 3.) Heskett argues, without support, that "there was ambiguity because one party believed they were selling a policy that did not cover participants of a race and one party believed they were purchasing a policy that covered participants in their races." (*Id.*) The Court already addressed and rejected this argument in its January 21, 2022 Order. *See* (Doc. # 44 at 6–8); *Pack v. Hickey*, 776 F. App'x 549, 558 (10th Cir. 2019) (unpublished) (noting that "a motion to reconsider is not intended as an opportunity to rehash arguments"). Because Heskett improperly attempts to relitigate "issues already addressed," the Court finds that reconsideration on this basis is not warranted. *See Servants of Paraclete*, 204 F.3d at 1012.

Next, Heskett argues that the Court erred by not addressing Heskett's bad faith counterclaim. (Doc. # 46 at 4.) Heskett avers that his counterclaim should have survived

3

summary judgment pursuant to the "state common law of bad faith." (*Id.* at 5.) In response, Mesa argues that Heskett's counterclaim fails as a matter of law because Heskett was not entitled to coverage under the policy and therefore Mesa cannot have acted in bad faith in allegedly failing to settle the claim. (Doc. # 47 at 6.)

The Court agrees with Mesa. In its January 21, 2022 Order, the Court found that "[t]he Policy expressly excludes coverage for John Henry Heskett's claimed injuries and damages" and "Hawk Productions LLC is not entitled to defense or indemnity under the Mesa Policy for injuries and damages claimed by John Henry Heskett." (Doc. # 44 at 9.) Because the Court concluded the Heskett was not entitled to benefits and Mesa did not breach its contract, Heskett cannot succeed on a common law bad faith claim as a matter of law. *See MarkWest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co.*, 558 F.3d 1184, 1193 (10th Cir. 2009) (noting that it is settled law in Colorado that a bad faith claim must fail if coverage was properly denied); *Peterson v. UAA Life Ins. Co.*, 353 F. Supp. 3d 1099, 1112 (D. Colo. 2018) (granting summary judgment in favor of defendant on bad faith claim where denial of coverage was proper as a matter of law), *aff'd*, *Peterson v. USAA Life Ins. Co.*, 814 F. App'x 408 (10th Cir. 2020) (unpublished). As such, the Court did not err in determining that Mesa was entitled to judgment on all claims in this case.

Heskett does not present any new evidence or any change in controlling law, and the Court finds no clear error in its January 21, 2022 Order. (Doc. # 44.) Therefore, the Court finds that reconsideration is not warranted.

For the foregoing reasons, it is ORDERED that Defendant John Henry Heskett's Motion for Reconsideration (Doc. # 46) is DENIED.

DATED: April 1, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge