IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 20-cv-03159-CMA-NRN

MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,

    Plaintiff,

v.

HAWK PRODUCTIONS LLC, and
JOHN HENRY HESKETT,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES INCURRED IN DEFENDING APPEAL

This matter is before the Court on Plaintiff Mesa Underwriters Specialty Insurance Company's ("Mesa") Motion for Attorney Fees Incurred in Defending Appeal (Doc. # 60). For the following reasons, the Court grants the Motion.

In an opinion dated December 20, 2022, the United States Court of Appeals for the Tenth Circuit affirmed this Court's grant of declaratory judgment in Mesa's favor, granted Mesa's motion for sanctions against Defendant John Henry Heskett's counsel, Edward Lomena, for filing a frivolous appeal, and remanded to this Court for the limited purpose of determining the amount of the sanction imposed on Mr. Lomena. (Doc. # 57.) The Tenth Circuit ruled that "it is appropriate to order Mr. Lomena to pay to Mesa just damages in the amount of the reasonable excess costs, expenses, and attorney fees it has incurred in defending this appeal" pursuant to 28 U.S.C. § 1927. (*Id.* at 13.)

After the mandate entered, on January 12, 2023, this Court ordered that Mesa shall have 30 days to file a motion for attorney fees. (Doc. # 59.) Mesa timely filed the instant Motion. Mr. Lomena did not file a response, and the time in which to do so has expired.

It is within the court's discretion to determine the reasonableness of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth by the Supreme Court in *Hensley*. *See Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010). A lodestar calculation involves multiplying the number of hours an attorney expended to resolve an issue or perform a task by a reasonable hourly billing rate. *Hensley*, 461 U.S. at 433. To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 1249 (internal citations omitted).

The first step in calculating the lodestar is the determination of the number of hours reasonably spent by counsel. *Case*, 157 F.3d at 1250. Mesa's counsel reports that Stephanie Montague, a partner at the law firm of Hall & Evans, spent 14.3 hours on tasks related to the defending of the appeal, while Nicholas Deaver, an associate, spent 39.5 hours. (Doc. # 60 at 3.) According to Mesa, these hours were spent on tasks including drafting a 29-page answer brief to respond to Heskett's 35-page opening brief, putting together a supplemental appendix because the appendix submitted by Heskett

was incomplete, and drafting a motion for sanctions and a reply. (*Id.* at 4.) Upon review of the Affidavit of Ms. Montague (Doc. # 60-1), as well as the detailed and specific time records attached to the Motion (Doc. # 60-2), the Court concludes that Mesa's counsel exercised billing judgment in filing the instant Motion and that the hours requested were reasonably expended in defending the appeal. *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) (advising that "what is reasonable in a particular case can depend upon factors such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side").

Next, the Court finds that the billing rates requested are reasonable. Mesa seeks an hourly rate of $175 per hour for Ms. Montague and $160 per hour for Mr. Deaver. (Doc. # 60 at 4–5.) The Court finds that the rates requested for Ms. Montague and Mr. Deaver are consistent with, if not considerably lower than, what the market commands for federal litigation in the District of Colorado. *See, e.g.*, *Edwards v. Edwards*, No. 20-CV-02843-CMA-SKC, 2021 WL 130690, at *2 (D. Colo. Jan. 14, 2021) (finding attorney rate of $400 and paralegal rate of $180 reasonable in this jurisdiction); *Barnett v. Bd. of Cnty. Comm'rs of Cnty. of Montrose*, No. 14-CV-1765-JAP-GPG, 2015 WL 13614118, at *5 (D. Colo. Dec. 14, 2015) (collecting cases that "suggest that the prevailing rates in Denver . . . for experienced litigators approach $400 per hour in recent years"), *report and recommendation adopted*, 2015 WL 13614119 (D. Colo. Dec. 31, 2015).

In total, Mesa requests an award of $2,502.50 for the hours expended by Ms. Montague ($175 hourly rate multiplied by 14.3 hours) and $6,320 for the hours expended by Mr. Deaver ($160 hourly rate multiplied by 39.5 hours). In requesting only

$6,320 in the conclusion of its Motion, Mesa appears to accidentally omit the hours of Ms. Montague from its overall fee request. However, the Court finds it clear from the calculations within Mesa's Motion and the time records attached to the Motion that this omission is simply a mathematical error. Multiplying the reasonable hourly rate by the number of hours reasonably expended, the Court determines that Mesa is entitled to an award of $8,822.50 in attorney fees.

For the foregoing reasons, the Court ORDERS as follows:

Plaintiff Mesa Underwriters Specialty Insurance Company's Motion for Attorney Fees Incurred in Defending Appeal (Doc. # 60) is GRANTED. The Court awards attorney fees against Edward Lomena, individually, and in favor of Mesa in the amount of $8,822.50. It is

FURTHER ORDERED that the Clerk shall enter judgment in favor of Mesa and against Mr. Lomena in the amount of $8,822.50.

DATED:  March 17, 2023

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge